NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 27 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CONSTANTINO BASILE, an individual, | No. 16-55067 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-05243-DMG-MRW |
| v. | |
| WARNER BROS. ENTERTAINMENT INC., a Delaware corporation; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted February 14, 2017**

Before:  GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Constantino Basile appeals pro se from the district court's order dismissing

his action alleging that defendants' movies *The Dark Knight Rises* and *Jupiter*

*Ascending* infringed upon his copyrighted works "Crisis on Jupiter" and "The

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

World of Jupiter." We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6), *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010), and we affirm.

The district court properly dismissed Basile's copyright infringement action because there is no substantial similarity, as a matter of law, between protected elements of Basile's copyrighted works and comparable elements of defendants' films, and any similarities in the general concepts are unprotected. *See Cavalier v. Random House, Inc.*, 297 F.3d 815, 823 (9th Cir. 2002) ("Scenes-a-faire, or situations and incidents that flow necessarily or naturally from a basic plot premise, cannot sustain a finding of infringement."); *Shaw v. Lindheim*, 919 F.2d 1353, 1362 (9th Cir. 1990) (copying of a work's title does not alone establish substantial similarity); *Berkic v. Crichton*, 761 F.2d 1289, 1292-94 (9th Cir. 1985) (setting forth factors to determine substantial similarity). Contrary to Basile's contention, the district court did not err in requiring substantial similarity despite Basile's allegations that defendants had access to his protected works. *See Funky Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1076-78 (9th Cir. 2006) (absent direct copying, a plaintiff must show substantial similarity to prevail on a copyright infringement claim).

The district court did not abuse its discretion in dismissing Basile's copyright infringement claims without leave to amend because any amendment would have been futile. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) (leave to amend not required "where the amended complaint would also be subject to dismissal"); *see also Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (setting forth standard of review).

The district court did not abuse its discretion in taking judicial notice of the alleged infringing movies provided by defendants on DVD, *see* Federal Rule of Evidence 201(b)(2); *see also Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012) (setting forth standard of review), or in failing to consider exhibits provided by Basile that were not relevant to the dispositive issue of substantial similarity, *see Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1164-66 (9th Cir. 1995) (setting forth standard of review and discussing relevance).

We reject as unsupported by the record Basile's contention that a district court employee stole exhibits in violation of his due process rights.

Basile's motion to transmit exhibits, filed on April 14, 2016, is granted. Basile's motion to lodge exhibits, filed on March 7, 2016, and Basile's opposed

motion to supplement the record, filed on April 14, 2016, are denied.

**AFFIRMED.**